Turley, J.
delivered the opinion of the court.
The plaintiffs and defendants claim title to the premises in dispute, under John Dougherty.
The plaintiff, by virtue of a sheriff’s deed of conveyance, dated 8th of June, 1825, and registered 14th July, 1828; the defendants, by a deed of mortgage from John Dougherty, dated 6th of March 1820, and registered in the register’s office of Franklin county, in Book F., pages 327, 328, 329, which registration is signed by John B. Hayter, D. R., and dated March 7, 1820.
This court has heretofore determined in this case, that the date of the registration cannot be established by the signature of John Hayter, he not being an officer recognized by the law; and upon the trial in the court below, from which this appeal is taken, Hayter was introduced as a witness, and proved the registration of the deed of mortgage to have been made on the day mentioned.
To the reception of Hayter’s testimony, the plaintiff objected, which objection was over-ruled.
The only question now presented for re-consideration is, whether, when the register neglects to state on his books, the date of the registration of a deed, it may be proven by parol?
We think it may, or otherwise, persons may be deprived of their estates, by the mere negligence or fraud of a ministerial officer, without any neglect or default whatever on their part, a conclusion certainly to be avoided.
This court, in the case of Murfree’s Heirs vs. Carmack & Williams, 4 Yer. 271, held that where a judgment was rendered against a person on the same day, on which he executed a deed of conveyance for his land, proof of the precise pe *484 riod of the day when the judgment was rendered, and the deed executed was admissible to determine which had priority.
This case we think stronger than the one now under consideration, and as conclusive upon the point debated. We, therefore, think there was no error in receiving the testimony of Hayter, and affirm the judgment of the court below.